**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ADITYA KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1055-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Aditya Kumar filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on December 9, 2022. *Id.* at p. 7; [Doc. No. 12, at p. 2]. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on April 16, 2026, and his removal proceedings are ongoing. [Doc. No. 1, at p. 7]; [Doc. No. 12, at p. 3]. He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 1, at p. 10]. Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a), in which the Government bears the burden of showing he is a danger or flight risk. *Id.* at p. 4-5, 10, 23-24.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5]. On July 16, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 12], recommending

that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Judge Erwin also recommended that "the Court decline to specify or alter the burden of proof at this stage and leave the conduct of the hearing to the immigration judge." *Id.* at p. 11. Respondents filed a timely Objection to Report and Recommendation [Doc. No. 13], asserting that Petitioner is properly detained under § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. *Id.*

Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n. 13 (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Moreover, the Court agrees with Judge Erwin's recommendation and declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to the evidentiary framework."); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 6th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.